Coecock, J.
I do not conceive it necessary to go into the con. sideration of the power or authority of the City Council to impose the tax ; nor to decide whether it be expedient, for I am decidedly of opinion that the words of the ordinance do not include or comprehend the public officers, and without descending to a technical definition of every word used in the ordinance, I thick it sufficient to say, that we have had a legislative construction of the words for many years; for they are the same as those used in our tax acts, *227 and I have never heard of any instance of a tax collector attempting- to collect such a tax. Indeed, it must be obvious that the salary of a public office is something very different from the profit or income “ arising from any faculty, profession, occupation, or trade, or employment.” I can, therefore, see no ground for a prohibition against the City Council, althpugh there will be a good ground for one against their officer, should he attempt to proceed.
Nott, J.
This is a motion on the part of the City Council to set aside a prohibition, granted against them by the court below.
The suggestion on which the prohibition was granted, states, that the City Council have passed an ordinance, by which “ all profits or income arising from the pursuit of any faculty, profession, occupation, trade, or employment, shall be liable to a tax of 33 1-2 cents on every hundred dollars of the value or estimate thereof,” &c.; and that the city officers are about to levy an execution on the property of these petitioners,-for the tax on their salaries. So that the only question is, whether the public officers of the State are included under the words of that ordinance. It is admitted, that if they are not, the prohibition ought not to have been granted; for the city officers would then be acting without any authority, and would be trespassers, against whom the individuals could have redress by action. The word “ employment,” is the only term under which it is pretended that they can be included. I do not know that this word is any where used as a technical term. It is a common word, generally used in relation to the most common pursuits, and, therefore, ought to be received by this court as understood in common parlance. I do not ■ recollect that I ever saw it used in any legislative proceeding, to express a public office, although in the dictionaries it may sometimes be so defined. On the contrary, whenever any measure relates to both, it is usual to express both “ office and employment,” and whenever the word employment has been used without the other, it has never been considered as embracing public offices. Thus in our acts for raising supplies, the words factorage, employment, faculties, and professions, are used ; and yet nobody has ever considered them as extending to the salaries of public officers. This may almost be considered as a legislative construction of its meaning, and certainly shews its common acceptation. It is not to be presumed that the City Council would have left a subject of such novelty and importance, to construction. I would not do them the injustice to believe, that they intended, by one sweeping word of doubtful import, to bring the most important *228 0fgces ffi the Slate into botch potch with the lowest meniai employ. ments, about the streets of Charleston, A measure of such impor. tance ought to have been expressed with the utmost precision, and ^ave HoflJ'Hg t0 conjecture. ' Believing, therefore, that from a correct view of the ordinance, public officers are not embraced, there was no ground for a prohibition ; and, therefore, the motion to reverse the order ought to be granted.
Per curiam. We are, therefore, unanimously, of opinion, that the motion be granted ; because there is no occasion for us to pro. hibit what it appears the City Council have never done.